UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

| | |
|---|---|
| MARY ALENE ADAMS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CAROLYN W. COLVIN, Acting ) <br> Commissioner of Social ) <br> Security, ) <br> ) <br> Defendant. ) | Civil Action No. <br> 6:13-cv-51-JMH <br><br> **MEMORANDUM OPINION & ORDER** |

\*\*\*

This matter is before the Court upon cross-motions for summary judgment [DE 10, 11] on Plaintiff's appeal, pursuant to 42 U.S.C. § 405(g), of the Commissioner's denial of her application for disability insurance benefits and disabled widow's benefits.[1] The Court, having reviewed the record and the parties' motions, will deny Plaintiff's motion and grant Defendant's motion.

**I.**

The Administrative Law Judge ("ALJ"), conducts a five-step analysis to determine disability:

> 1. An individual who is working and engaging in substantial gainful activity is not disabled, regardless of the claimant's medical condition.

---

[1] These are not traditional Rule 56 motions for summary judgment. Rather, it is a procedural device by which the parties bring the administrative record before the Court.

> 2. An individual who is working but does not have a "severe" impairment which significantly limits his physical or mental ability to do basic work activities is not disabled.
>
> 3. If an individual is not working and has a severe impairment which "meets the duration requirement and is listed in appendix 1 or is equal to a listed impairment(s)", then he is disabled regardless of other factors.
>
> 4. If a decision cannot be reached based on current work activity and medical facts alone, and the claimant has a severe impairment, then the Secretary reviews the claimant's residual functional capacity and the physical and mental demands of the claimant's previous work. If the claimant is able to continue to do this previous work, then he is not disabled.
>
> 5. If the claimant cannot do any work he did in the past because of a severe impairment, then the Secretary considers his residual functional capacity, age, education, and past work experience to see if he can do other work. If he cannot, the claimant is disabled.

*Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994) (citing 20 C.F.R. § 404.1520 (1982)). "The burden of proof is on the claimant throughout the first four steps of this process to prove that he is disabled." *Id*. "If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Secretary." *Id*.

Here, Plaintiff filed applications for a period of disability, disability insurance benefits (DIB), and disabled widow's benefits on May 4, 2009 and June 8, 2009,

respectively [Administrative Record ("AR") at 71-72, 180-83].[2] An ALJ held a hearing on May 17, 2011 [AR at 27-52] and issued a decision unfavorable to Plaintiff on June 17, 2011 [AR at 13-22]. The Appeals Council denied Plaintiff's request for review on July 24, 2012 and granted Plaintiff's request for more time to file a civil action on January 10, 2013 [AR at 1, 3-5]. This case is now ripe for review pursuant to 42 U.S.C. § 405(g).

Plaintiff was 53 years old at the time of the ALJ's decision, had a 12th grade education, and had worked in the past as a bus driver [AR at 22, 31, 46, 180, 207, 210]. Plaintiff alleged onset of disability on March 11, 2009, due to nerve damage in her legs and arms, neck and back problems, and fibromyalgia [AR at 180, 207]. After considering the testimony and evidence in the record, the ALJ determined that Plaintiff retained the residual functional capacity (RFC) to perform a reduced range of medium work [AR at 18-20]. Based on Plaintiff's age, education, RFC, and vocational expert testimony, the ALJ

---

[2] Plaintiff had previously filed an application for a period of disability and disability insurance benefits, alleging disability beginning February 15, 2006. That application was finally denied when an ALJ determined that Plaintiff was not disabled in a decision dated March 12, 2009 [AR at 56-64]. There is no record that Plaintiff filed an appeal or sought further review of that decision.

found Plaintiff could perform jobs existing in significant numbers in the national economy [AR at 21-22]. Therefore, the ALJ found that Plaintiff was not disabled [AR at 22].

## II.

This Court's review of administrative decision in this matter is limited to determining whether the Commissioner's findings are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010). Substantial evidence is such evidence as a reasonable person might accept as adequate to support a conclusion. *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir. 2009). In reviewing a case for substantial evidence, the court may not try the case de novo, resolve conflicts in evidence, or decide questions of credibility. *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008). An administrative decision is not subject to reversal merely because substantial evidence would have supported the opposite conclusion. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009).

## III.

Plaintiff argues that the Commissioner erred (1) by failing to give proper weight to the opinions of her

4

treating physician and failing to give good reasons for refusing to accept those opinions; (2) by failing to consider the combined effects of all of her impairments without regard to whether such impairments, if considered separately, would be of sufficient severity to render her disabled; and (3) because the substantial evidence of record demonstrates that she is, in fact, disabled. Later, in her brief, she suggests that the ALJ erred when he concluded that she was not disabled by application of the Medical-Vocational ("grid") Rules due to her very serious physical and emotional problems.

As a practical matter, she has provided this Court with nothing more than conclusory assertions with respect to any of these arguments. As a general matter, the Court declines to put flesh on the bones of these arguments and, even if it was so inclined, it could not since she does not specify the portions of the record which support her position. *See Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 491 (6th Cir. 2006); *see also McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument

5

in the most skeletal way, leaving the court to . . . put flesh on its bones.") (citation and quotation marks omitted)). Notably, in the argument section of her brief, she cites only to pages 305 and 430 of the Administrative Record and only in support of her "argument" that she is severely impaired and that the Commissioner failed to take into consideration the cumulative effect of those impairments. These documents appear to be cover pages for the transmission of medical records and information which follow. The Court assumes that she, through counsel, wishes the Court to review the entire content of those materials – but the Court is at a loss to determine the specific facts contained therein that she relies upon. Nonetheless, the Court offers the following analysis.

With respect to Plaintiff's first argument, the ALJ clearly undertook to articulate his reasons for rejecting her treating physician's opinion and did so at length in keeping with the requirement that he give good reasons for giving diminished or no weight to a treating physician's opinion. [AR at 18-20]; *Allen v. Comm'r of Soc. Sec.*, 561 F.3rd 646,651 (6th Cir. 2009); *see generally Warner v. Comm'r of Soc. Sec.*, 375 F. 3d 387 (6th Cir. 2004); *Jones v. Comm'r of Soc. Sec.*, 336 F. 3d 469 (6th Cir. 2003).

Additionally, it appears to the Court that he also considered the combined effects of all of her impairments without regard to whether such impairments, if considered separately, would be of sufficient severity to render her disabled [*See* AR at 16, 18-20]. He has cited evidence of record which, on balance, demonstrates that she is not disabled, and the Court declines to comb the record searching for evidence to the contrary if Plaintiff is not so inclined [AR at 18-22]. This is true for her physical impairments and her mental or psychological impairments which the ALJ considered in light of listing 12.04 or 12.05, to determine that she was not "disabled" because she did not meet the criteria listed [AR at 16-18].

To the extent that Plaintiff has presented any argument that the ALJ erred in not giving more deference to Dr. Chaney's opinion and did not provide adequate reasons for not giving it more weight, the Court cannot agree.[3]

---

[3] The treating physician, James Chaney, M.D., provided a November 2010 physical capacity evaluation form in which he stated Plaintiff could only work two hours a day, perform no standing, sit two hours a day, lift five pounds occasionally and lift nothing frequently [AR at 431]. He opined Plaintiff could frequently manipulate her hands, occasionally bend, squat, and reach above the shoulder and occasionally needed to elevate her legs but could never crawl or climb [*Id*.]. He further opined Plaintiff had no restriction for marked changes in temperature and humidity or exposure to dust, fumes and gasses; a mild restriction

First, she completely fails to account for an ALJ's earlier determination, which she did not appeal, that she was not disabled and how that bound the ALJ in this instance. She has made no reference to new or material evidence obtained from evaluations since March 12, 2009 [AR at 56-65], that she was not disabled that would change that outcome or evidence which was not addressed by the ALJ in the June 17, 2011, opinion before this Court [*see* AR at 13-22, 214]. When a plaintiff previously has been adjudicated not disabled, she must show that her condition so worsened in comparison to her earlier condition that she was unable to perform substantial gainful activity. *See Casey v. Sec'y of Health & Human Servs*., 987 F.2d 1230, 1232-33 (6th Cir. 1993) ("when a plaintiff previously has been adjudicated not disabled, she must show that her condition so worsened in comparison to her earlier condition that she was unable to perform substantial gainful activity"); *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837 (6th Cir. 1997); *see also* Acquiescence Ruling 98-4(6), 1998 WL 283902 at *3 (S.S.A. 1998) (explaining how the Commissioner applies *Drummond* in the Sixth Circuit).

---

in driving automobile equipment, unprotected heights and moving machinery; she needed a frequent sit/stand option; and that she would miss more than four days of work per month [*Id.*].

The ALJ found Plaintiff's medical evidence since the March 2009 ALJ's decision revealed some but not significant changes in her symptoms or limitations [AR at 19]. Indeed, the records from both time periods reveal findings such as limited range of motion, muscle spasm and tenderness in Plaintiff's back and neck with some limited range of motion, antalgic gait and pain in the lower extremities [compare AR at 361-64 with AR at 330-33]. This is reflected in Dr. Chaney's records from June and November 2009, which reveal reports of moderate pain and pain at four out of ten with treatment, similar to his records in September and December 2008, which was within the period considered by the previous ALJ [AR at 330, 332, 361, 363]. As the Commissioner has pointed out, additional records from Dr. Chaney in March 2010 were largely unchanged [AR at 420-21], and a February 2011 record from the Anne Wasson Clinic revealed no significant abnormalities on physical examination, although the Court notes that there is an illegible notation about Plaintiff's back [AR at 432-33]. This alone gave the ALJ good reason to conclude that Plaintiff was not disabled.

Further, the ALJ gave limited weight to Dr. Chaney's opinion statement about her status in the period between

that first denial and his consideration of the present matter because it appeared to be based on Plaintiff's subjective reports and was not consistent with his own treatment notes and the overall findings of record [AR at 19-20]. Specifically, Chaney's opinion indicated that Plaintiff suffered from moderate to severe pain while his records indicated that her pain was only moderate in nature, i.e., only at a level of four out of ten with treatment [AR at 330, 332, 420, 431]. Thus, the ALJ properly concluded that Chaney's conclusion that Plaintiff could work only two hours a day, never stand at work, and sit only two and hours [AR at 431], which would seemingly preclude work on a regular and continuing basis, was unsupported by his own records. *See Warner*, 375 F.3d at 390-91 (treating physician opinion properly rejected because it was based on subjective complaints as opposed to objective medical evidence and inconsistent with evidence); *Price v. Comm'r of Soc. Sec.*, 342 F. App'x 172, 176-77 (6th Cir. 2009) (inconsistency with own treating records supported ALJ's decision to discount treating source opinion). Ultimately, the ALJ had and articulated good reasons for discounting Dr. Chaney's opinion.

Nor did the ALJ err in his consideration of the opinion from consultative examiner, Christopher Catt, Psy.D., as Plaintiff suggests. Dr. Catt assessed Plaintiff with a global assessment of functioning (GAF) score of 55 and stated that Plaintiff could not manage her own funds at the time of his evaluation. [DE 10 at 3-4.] As the ALJ noted, Dr. Catt's opinion did not indicate Plaintiff was disabled [AR at 20] and, notwithstanding her limited ability to manage funds at the time of the report, found only moderate limitations in social and occupational functioning [AR 17, 309-10]. Further, as the ALJ noted, Plaintiff had received mental health treatment for only a short time, during the time period after her husband's death following a heart attack, but had not returned for further treatment [AR 19, 426-27]. That sporadic treatment could support the conclusion that she was not disabled on these grounds. *See Moon v. Sullivan*, 923 F.2d 1175, 1182 (6th Cir. 1990) (the sporadic nature of mental health treatment supported the ALJ's conclusion that claimant was not disabled).

Next, the ALJ's decision reflects that he did consider Plaintiff's impairments in combination in that his finding at step two referenced "severe impairments" (plural) and

the end of his RFC finding stated Plaintiff "has impairments that cause significant limitations" (again, plural) [AR at 16, 20]. Further, the ALJ also found Plaintiff did not have a "combination of impairments" that met or medically equaled a listing [AR at 16]. When considered in combination with the extended discussion of evidence obtained from the records of Drs. Chaney and Catt, this is enough to demonstrate that the ALJ undertook the required analysis. *See Loy v. Sec'y of Health & Human Servs.*, 901 F. 2d 1306, 1310 (6th Cir. 1990).

Ultimately, the ALJ presented a hypothetical question to the vocational expert that accurately portrayed the claimant's impairments as he saw them and recorded them in his RFC finding. *See Gant v. Comm'r of Soc. Sec.*, 372 F. App'x 582, 585 (6th Cir. 2010) (citing *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987)); [AR at 18, 47-49]. Since the Court has concluded that the RFC was supported by substantial evidence of record, the vocational expert's testimony provided substantial evidence on which the ALJ could rely. *See Gant*, 372 F. App'x at 585. The ALJ properly concluded that Plaintiff did not have an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental

12

impairment which can be expected to result in death or which has lasted or is expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see* 20 C.F.R. § 404.1512(a)(2012); *Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 275 (6th Cir. 2010). Accordingly, and for the reasons expressed in this opinion, the decision of the Commissioner will be **AFFIRMED**.

For all of the reasons stated above, the Court concludes that Summary Judgment in favor of Defendant is warranted. Accordingly, **IT IS ORDERED:**

(1) that Plaintiff's Motion for Summary Judgment [DE 10] is **DENIED;** and

(2) that Defendant's Motion for Summary Judgment [DE 11] is **GRANTED.**

This the 9th day of April, 2014.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge